# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| JARVIS AUGUSTUS WARE, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:24-CV-103 (LAG) (ALS) |
| WARDEN DARRIN MYERS, *et al.*, | : |
| Defendants. | : |

## **ORDER**

*Pro se* Plaintiff Jarvis Augustus Ware, a prisoner currently incarcerated in the Wilcox State Prison in Abbeville, Georgia, has appealed this Court's October 21, 2024 Order and Judgment denying his motion to proceed *in forma pauperis* and dismissing this action pursuant to 28 U.S.C. § 1915(g). (Docs. 11, 12). Plaintiff has also filed two motions to proceed *in forma pauperis* on appeal; the second of these motions, filed on January 21, 2025, contends he is in imminent danger of serious physical injury and should be permitted leave to appeal *in forma pauperis* pursuant to § 1915(g). (Docs. 22, 23). Prior to Plaintiff filing these motions, however, the Eleventh Circuit dismissed Plaintiff's appeal for failure to prosecute. (Doc. 20). Thus, Plaintiff's motions appear to be moot. Regardless, the Court **DENIES** the motions for leave to proceed *in forma pauperis* (Docs. 22, 23) for the reasons discussed below.

Plaintiff is by now familiar with the "three strikes" provision of 28 U.S.C. § 1915(g), which bars a prisoner from bringing a civil action or appealing a judgment in a civil action *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, he may not proceed *in forma pauperis* unless he is in imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

The Court previously has found that Plaintiff accrued at least three "strikes" prior to filing his notice of appeal in this case. *See, e.g.*, Order Dismissing Compl., *Ware v. Nelson*, Doc. 7 in Case No. 4:12-cv-0144-HLM-WEJ (N.D. Ga. June 29, 2012) (adopting recommendation to dismiss pursuant to 28 U.S.C. § 1915(g)); Order Dismissing Compl., *Ware v. Montgomery*, Doc. 3 in Case No. 4:09-cv-0083-HLM (N.D. Ga. June 23, 2009) (dismissing as frivolous pursuant to 28 U.S.C. § 1915A); Order Dismissing Appeal, *Ware v. McManus*, Appeal No. 08-15184-D (11th Cir. Dec. 1, 2008) (three-judge panel dismissing appeal as frivolous); Order Dismissing Compl., *Ware v. McManus*, Doc. 5 in Case No. 4:08-cv-00124-HLM (N.D. Ga. Aug. 29, 2008) (dismissing as frivolous pursuant to 28 U.S.C. § 1915A). Plaintiff accordingly is barred from proceeding *in forma pauperis* on his appeal unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In the Complaint, Plaintiff claimed he was exposed to Legionella bacteria at Autry State Prison in January of 2018. (Doc. 1 at 8). Though he developed symptoms of an infection, he was not tested for exposure to the bacteria and was told there had been no outbreak at the facility. (*Id.*). On October 21, 2022, however, Plaintiff learned through a news report that the water system at Autry had in fact tested positive for Legionella bacteria. (*Id.*). Plaintiff remained at Autry until April 11, 2023, when he was transferred to Wilcox State Prison, where he currently resides. (Doc. 1 at 6). Plaintiff requested a blood test for Legionella bacteria when he arrived at Wilcox, and he tested positive. (*Id.*). Plaintiff was given medication to treat the infection. (*Id.*). Plaintiff sued the former warden of Autry State Prison, the Commissioner of the Georgia Department of Corrections ("GDC"), the Assistant Commissioner of Facilities of the GDC, and the GDC's statewide medical director, contending that these individuals violated his constitutional rights regarding his infection. (*Id.* at 4). The Court found Plaintiff had accrued three strikes pursuant to 28 U.S.C. § 1915(g) and had not alleged facts sufficient to show he was in imminent danger of serious physical injury. (*See* Doc. 11 at 2–3). He was therefore denied leave to proceed *in forma pauperis*, and his Complaint was dismissed. (*See id.* at 3).

Plaintiff does not directly address § 1915(g) in his first motion to proceed *in forma pauperis* on appeal; but in his second motion, he contends he still suffers from a "strange cough" which he believes was caused by exposure to Legionella at Autry State Prison. (Doc. 23 at 3). Plaintiff also states that "the water department still checks the water for bacteria and adds chlorine to kill bacteria, (Legionella is a bacteria), at Wilcox." (*Id.*). Plaintiff contends that his cough, coupled with the water testing and treatment program at Wilcox, means that "upon information and belief, the Legionella bacteria is in the water system at Wilcox." (*Id.*). He therefore contends he is currently in imminent danger of serious physical injury. (*Id.*).

As was previously explained to Plaintiff, the fact that he is currently suffering from a "strange cough"—without any other factual details—is insufficient to show that he is in imminent danger of serious physical injury. (*See* Doc. 11 at 3). This is particularly true given Plaintiff's allegations that prison officials at Wilcox treated him for his prior

infection, and that they are currently monitoring, testing, and treating the water supply at Wilcox to avoid potential future outbreaks. (Doc. 1 at 6; Doc. 23 at 3). Because Plaintiff has failed to allege facts sufficient to show that he is in imminent danger of serious physical injury at the time he filed his appeal in this case, his motions for leave to appeal *in forma pauperis* (Docs. 22, 23) are **DENIED.** If Plaintiff wishes to proceed with his appeal, he must pay the $605.00 filing fee in full.

**SO ORDERED**, this 18th day of February, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**